UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

WEBSTER BANK, N.A.,

        *Plaintiff*,

v.

JAMES D. WATSON, *and* PAMELA L. WATSON,

        *Defendants.*

---

JAMES D. WATSON, *and* PAMELA L. WATSON,

        *Third-Party Plaintiffs*,

v.

TWEED VP HOLDINGS LLC,

        *Third-Party Defendant.*

No. 23-CV-5427 (KMK)

ORDER & OPINION

---

Appearances:

Brian K. Condon, Esq.
Condon Paxos PLLC
Nanuet, NY
*Counsel for Third-Party Plaintiff James D. Watson*

Donald J. Feerick, Jr.
Feerick Nugent MacCartney PLLC
South Nyack, NY
*Counsel for Third-Party Plaintiff Pamela L. Watson*

Jeremy Michael Doberman, Esq.
Bochner PLLC
New York, NY
*Counsel for Third-Party Defendant Tweed VP Holdings LLC*

KENNETH M. KARAS, United States District Judge:

James D. Watson ("James") and Pamela L. Watson ("Pamela") (together, "Third-Party Plaintiffs" or the "Watsons") bring this Action against Tweed VP Holdings LLC ("Third-Party Defendant" or "Tweed") seeking indemnification for any judgment against the Watsons in the underlying lawsuit initiated by Webster Bank, N.A., ("Webster Bank") and alleging breach of contract, unjust enrichment, contractual indemnification, and common law contribution. (*See generally* Third-Party Compl. (Dkt. No. 54).) Before the Court is Tweed's Motion to Dismiss (the "Motion"). (*See* Not. of Mot. (Dkt. No. 66).) For the reasons discussed below, the Motion is granted.

## I.  Background

A.  Factual Background

The following facts are drawn from the Watsons' Third-Party Complaint and are taken as true for the purposes of resolving the instant Motion. *See Div. 1181 Amalgamated Transit Union-N.Y. Emps. Pension Fund v. N.Y.C. Dep't of Educ.*, 9 F.4th 91, 94 (2d Cir. 2021) (per curiam).

In June 2022, the Watsons sold property located at 29 Tweed Boulevard, Upper Grandview, New York 10960 (the "Property"). (Third-Party Compl. ¶ 8.) The Watsons and Tweed entered into a contract for the sale of the Property "as-is" for $900,000. (*Id.* ¶ 10.) The deal failed to close because mortgages encumbering the Property exceeded the contract sale price. (*Id.* ¶ 11.) In September 2022, the Watsons and Tweed entered into a second contract for the Property "as-is" for $15,000. (*Id.* ¶ 13.) The second contract provides that

> [Tweed] either will pay off the three mortgages on the [Property], or take the [Property] subject to the mortgages. [The Watsons] will provide [Tweed] an authorization to speak to the mortgage servicer on [the Watsons'] behalf upon this

2

> Contract being fully executed. [Tweed] will also close on this subject to all liens, taxes and municipal violations and hold [the Watsons] harmless for same.

(Decl. of Jeremy C. Doberman ("Doberman Decl."), Ex. C ("Contract") (Dkt. No. 66-5) at 2.) In December 2022, Watson and Tweed closed title. (*Id.* ¶ 14.)

B. Procedural Background

On June 26, 2023, Webster Bank initiated this Action. (*See* Am. Compl. (Dkt. No. 10).) On March 18, 2024, the Watsons filed the Third-Party Complaint. (*See* Third-Party Compl.) On July 12, 2024, Tweed filed the instant Motion. (*See* Def's Mem. in Supp. ("Def's Mem.") (Dkt. No. 66-1).) On August 13, 2024, Pamela filed her Opposition. (*See* Pamela Mem. in Opp. ("Pamela Opp.") (Dkt. No. 70).) On September 12, 2024, James filed his Opposition. (*See* James Mem. in Opp. ("James Opp.") (Dkt. No. 71).) On September 26, 2024, Tweed filed its Reply. (*See* Def's Reply Mem. in Supp. ("Def's Reply") (Dkt. No. 72).)

II. Discussion

A. Standard of Review

The Supreme Court has held that while a complaint "does not need detailed factual allegations" to survive a motion to dismiss, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration adopted) (internal quotation marks and citation omitted). Indeed, Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (alteration adopted) (internal quotation marks and citation omitted). Rather, a

3

complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 545.

"[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint," *id.* at 563, and a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face," *id.* at 570. However, if a plaintiff has not "nudged [his] claim[] across the line from conceivable to plausible, the[] complaint must be dismissed." *Id.*; *see also Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" (alteration adopted) (internal quotation marks and citation omitted) (quoting Fed. R. Civ. P. 8(a)(2))); *id.* at 678–79 ("Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

"[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citing *Twombly*, 550 U.S. at 555–56), and "draw[] all reasonable inferences in favor of the plaintiff," *Daniel v. T&M Prot. Res., Inc.*, 992 F. Supp. 2d 302, 304 n.1 (S.D.N.Y. 2014) (citing *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012)). Additionally, "[i]n adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Leonard F. v. Isr.*

4

*Disc. Bank*, 199 F.3d 99, 107 (2d Cir. 1999) (internal quotation marks and citation omitted); *see also Wang v. Palmisano*, 157 F. Supp. 3d 306, 317 (S.D.N.Y. 2016) (same).

B.  Analysis

Tweed argues that the Third-Party Complaint should be dismissed because it is not liable to the Watsons for breach of contract or contractual indemnification per the plain language of the Contract, (*see* Def's Mem. 4–9), the existence of the Contract precludes the unjust enrichment claim, (*see id.* 9–11), and the common law contribution claim is conclusory, (*see id.* 12).  The Court addresses the arguments in turn.[1]

1.  Breach of Contract

The Watsons allege that Tweed "is obligated to pay off the three (3) mortgages on the Property and . . . to close subject to all liens, taxes and municipal violations and hold the Watsons harmless for same."  (Third Party Compl. ¶ 20; *id.* ¶ 21 ("Upon information and belief, [Tweed] has breached its obligations to the Watsons by failing to pay off the three (3) mortgages on the Property.").)

---

[1] "Claims are abandoned where a plaintiff fails to respond to a defendant's argument in opposition."  *Glover v. Grimaldi*, No. 23-CV-5019, 2025 WL 919930, at *5 n.3 (S.D.N.Y. Mar. 26, 2025) (citing *Matos v. Discovery Commc'ns, LLC*, 750 F. Supp. 3d 307, 326–27 (S.D.N.Y. 2024)); *see also Barreto v. Westbrae Nat., Inc.*, 518 F. Supp. 3d 795, 807 (S.D.N.Y. 2021) ("A court may, and generally will, deem a claim abandoned when a plaintiff fails to respond to a defendant's arguments that the claim should be dismissed." (alterations and citation omitted)); *Laface v. E. Suffolk BOCES*, No. 18-CV-1314, 2019 WL 1959489, at *8 (E.D.N.Y. May 2, 2019) ("In the Second Circuit, a plaintiff's failure to respond to contentions raised in a motion to dismiss constitute[s] an abandonment of those claims." (alteration and quotation marks omitted) (collecting cases)).
Tweed argues that the Watsons' "common law contribution" claim should be dismissed.  (*See* Def's Mem. 12.)  The Watsons fail to substantively respond to this argument.  Pamela's bald assertion that the "common law contribution [claim] is facially sufficient and meritorious" is not nearly enough to constitute a response to Tweed's argument.  (Pamela Opp. 1.)  Accordingly, the contribution claim is dismissed as abandoned.

"To state a claim for breach of contract under New York law, a plaintiff must plead the following elements: '(1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages.'" *Mongiello v. HSBC Bank USA NA as Tr. for LMT 2006-6 Tr. Fund*, No. 24-CV-2291, 2025 WL 674345, at *9 (S.D.N.Y. Mar. 3, 2025) (quoting *Ellington Credit Fund, Ltd. v. Select Portfolio Servicing, Inc.*, 837 F. Supp. 2d 162, 188–89 (S.D.N.Y. 2011)). "Stating in a conclusory manner that an agreement was breached does not sustain a claim of breach of contract." *Ellington Credit Fund*, 837 F. Supp. 2d at 189 (alteration and citation omitted). "Under New York law, in an action for breach of contract arising out of a contract for the sale of real property, upon closing of title to the property and delivery of the deed to the plaintiff, any claims that the plaintiff may have had based on the contract of sale are 'extinguished by the doctrine of merger.'" *Waverly Props., LLC v. KMG Waverly LLC*, 824 F. Supp. 2d 547, 563 (S.D.N.Y. 2011) (quoting *Rothstein v. Equity Ventures, LLC*, 750 N.Y.S.2d 625, 628 (App. Div. 2002)); *Gillespie v. St. Regis Residence Club, Inc.*, 461 F. Supp. 3d 96, 113 (S.D.N.Y. 2020) (same).

> Under the merger doctrine, "the obligations and provisions of a contract for the sale of land are merged in the deed and, as a result, are extinguished upon the closing of title unless there is a clear intent evidenced by the parties that a particular provision shall survive delivery of the deed."

*Waverly Props.*, 824 F. Supp. 2d at 563–64 (quoting *Dourountoudakis v. Alesi*, 706 N.Y.S.2d 476, 476 (App. Div. 2000)). Here, there are contract provisions that, by their plain meaning, survive delivery of the deed. (*See* Contract § 21(c) (concerning the apportioning of taxes and providing that the provision survives sixty days after closing); *id.* § 25 (providing that the seller's obligation to represent that judgments, bankruptcies, and other liens against persons "having names the same or similar to that of [the seller]" survives closing); *id.* § 33 (providing that the purchaser's personal guarantee of closing funds survives delivery of the deed); *id.* Schedule B, §

6

(e) (providing that the purchaser's holding harmless and indemnifying the seller for any sales tax liability survives closing).) However, because these surviving provisions do not set forth obligations on the part of Tweed with respect to the mortgages, which is the basis of the Watsons' claim, the breach of contract claim fails. *Cf. R. Vig Props., LLC v. Rahimzada*, 184 N.Y.S.3d 782, 787 (App. Div. 2023) (dismissing a claim for breach of contract where the doctrine of merger extinguished any contract provisions on which the claim could be asserted); *Jian Xu v. Jin Kon Choi*, 130 N.Y.S.3d 882 (Table), 2020 WL 5884389, at *1 (App. Term. 2020) (affirming the dismissal of a breach of contract claim where "the contract provision upon which plaintiff relies in asserting breach of contract expressly states that it does not survive the closing"); *Bibbo v. 31-30, LLC*, 963 N.Y.S.2d 303, 305 (App. Div. 2013) (providing that the doctrine of merger did not preclude a breach of contract claim where "the contract provision upon which the plaintiff relies in asserting his breach of contract cause of action expressly states that it survives the closing"). Further, the Court finds no ambiguity in the language of the Contract which gives rise to any obligation relevant to the Watsons' claim survived the delivery of the deed—for example, there is no general provision suggesting performance due under the Contract post-execution. *Cf. Polsky v. 145 Hudson St. Assocs., L.P.*, 31 N.Y.S.3d 475, 476 (App. Div. 2016) (finding that a contract providing that "nothing herein contained shall excuse [defendants] from performing those obligations (if any) . . . to be performed subsequent to the closing" was ambiguous and raised a question of material fact as to whether provisions survived the closing and delivery of the deed). In fact, the Contract explicitly provides that the Property is "sold in an 'as is' physical condition," and that the "as is" provision "shall not be construed as a warranty surviving transfer of possession." (Contract § 29.) New York courts regularly hold that "as is" clauses "in a contract to sell real property will ordinarily bar a claim for breach of

7

contract." *TIAA Glob. Invs., LLC v. One Astoria Square LLC*, 7 N.Y.S.3d 1, 8 (App. Div. 2015) (citing *Bd. of Mgrs. of the Chelsea 19 Condominium v. Chelsea 19 Assoc.*, 905 N.Y.S.2d 8, 10 (App. Div. 2010)); *see Suber v. Churchill Owners Corp.*, 214 N.Y.S.3d 1, 3 (App. Div. 2024) (finding that "the merger and 'as is' clauses in the contract and riders bar plaintiff's breach of contract claim").[2]  Accordingly, the breach of contract claim is dismissed.

    2.  Indemnification

The Watsons also argue that an "indemnity" provision that survived merger provides that Tweed "is obligated to indemnify the Watsons against any loss, liability, demand, claim, action, cost, damage, expense, including without limitation attorney's fees and court costs." (Third-Party Compl. ¶ 32; *see also* Pamela Opp. 4–8.)  As an initial matter, "[s]ince a grantee of mortgaged property incurs no personal obligation to pay the mortgage debt unless the grantee in some way assumes the debt or agrees to pay it, they are under no liability to indemnify the grantor against the mortgage debt, even when taking the property subject to the mortgage."  78 N.Y. Jur. 2d Mortgages § 311.  That being said, parties can include an indemnification provision in the contract for the sale of real property that survives merger.  *See, e.g.*, *Sunoco, Inc. (R & M) v. 175-33 Horace Harding Realty Corp.*, 969 F. Supp. 2d 297, 305–06 (E.D.N.Y. 2013) (finding that an indemnification provision survived merger because "the clear language [of the provision] demonstrates that the parties intended that it survive the deed"), *aff'd sub nom. Sunoco, Inc. (R&M) v. 175-33 Horace Harding Realty Corp.*, 697 F. App'x 38 (2d Cir. 2017).  The question,

---

[2] The Watsons contend that there are "myriad exceptions" to the doctrine of merger. (Pamela Opp. 9.)  This is true, but the Watsons fail to discuss any exception, and their cited cases are inapposite.  (*Id.* 9–10.)  As discussed below, Tweed did not assume the mortgages at issue here.  For this reason, *Sage v. Truslow*, 88 N.Y. 240 (N.Y. 1882), and *Keller v. Lee*, 72 N.Y.S. 948 (Mem) (App. Div. 1901), are unhelpful because they deal with assumption provisions that survive merger, *see Sage*, 88 N.Y. at 244; *Keller*, 72 N.Y.S. 948 (Mem) at 949.

then, is what the contractual language means for Tweed's liability; in other words, assuming that the relevant provision is an indemnification provision that survives merger, what does the provision cover? Naturally, the Parties sharply diverge on their interpretation of the language. (*Compare* Def's Mem. 4–9 *with* Pamela Opp. 3–8 *and* James Opp. 3–6.)

"'New York law requires that contractual indemnification provisions be strictly construed.' Before enforcing an indemnification provision, New York courts scrutinize the contractual language to ensure that it expresses an 'unmistakable intention' to indemnify." *Doe v. City of New York*, No. 20-CV-6393, 2023 WL 2975205, at *4 (S.D.N.Y. Feb. 7, 2023) (quoting first *CVS Pharmacy, Inc. v. Press Am., Inc.*, 377 F. Supp. 3d 359, 377 (S.D.N.Y. 2019), then *Haynes v. Kleinewefers & Lembo Corp.*, 921 F.2d 453, 456 (2d Cir. 1990)), *report and recommendation adopted*, 2023 WL 2975156 (S.D.N.Y. Mar. 3, 2023); *see also In re Bridge Constr. Servs. of Fla., Inc.*, 185 F. Supp. 3d 459, 470 (S.D.N.Y. 2016) ("In the absence of a legal duty to indemnify, a contractual indemnification provision must be strictly construed to avoid reading into it a duty which the parties did not intend to be assumed." (quoting *In re Bridge Constr. Servs. of Fla., Inc.*, No. 12-CV-3536, 2015 WL 6437562, at *4 (S.D.N.Y. Oct. 24, 2015))). Under New York law, "[w]here the terms of a contract are clear and unambiguous, the intent of the parties must be found within the four corners of the contract, and the words and phrases used by the parties must be given their plain meaning." *Flynn v. McGraw Hill LLC*, 120 F.4th 1157, 1165 (2d Cir. 2024) (alterations adopted) (quotation marks omitted) (quoting *Ellington v. EMI Music, Inc.*, 21 N.E.3d 1000, 1003 (N.Y. 2014)).

The provision in question, in its entirety, provides:

> [Tweed] either will pay off the three mortgages on the [Property], or take the [Property] subject to the mortgages. [The Watsons] will provide [Tweed] an authorization to speak to the mortgage servicer on [the Watsons'] behalf upon this

9

> Contract being fully executed. [Tweed] will also close on this subject to all liens, taxes and municipal violations and hold [the Watsons] harmless for same.

(Contract 2.) The first sentence permits Tweed to either pay off the three mortgages or take the Property "subject to" the three mortgages. (*Id.*) Mortgaged property may be conveyed "subject to" the mortgage. "In such [a] case, the grantee does not assume or agree to pay the mortgage debt, but acquires the property burdened by a lien which may be enforced against the property in case of a default." 78 N.Y. Jur. 2d Mortgages § 309; *see In re Oakes*, 162 N.E. 79, 81 (N.Y. 1928) ("The rule is well settled that one who accepts a conveyance 'subject' to a lien or claim does not assume by such acceptance the obligation to discharge the lien or satisfy the claim." (citation omitted)); 1 N.Y. Law & Practice of Real Property § 24:87 (2d ed.) (same). The property itself "becomes the primary fund for payment of the mortgage debt." 78 N.Y. Jur. 2d Mortgages § 310. The grantee who takes the property subject to a mortgage "is not personally liable for a deficiency even though the mortgaged land in the hands of the present owner thereof remains as the primary fund for the payment of the [mortgage]." *Id.* However, the grantee of encumbered property may assume the mortgage, thereby creating liability on the part of the grantee. *See id.* § 328; *County of Albany v. Albany Cnty. Indus. Dev. Agency*, 638 N.Y.S.2d 973, 975 (App. Div. 1996) (noting that a grantee can assume an obligation and looking to the agreement to determine whether it "creates any personal liability"). Assumption of the mortgage is not implied; rather, the grantee must expressly assume the mortgage in order for liability to attach. *See* 78 N.Y. Jur. 2d Mortgages § 312 (discussing the requirements of New York General Obligations Law § 5–705); *Dahan v. Weiss*, 991 N.Y.S.2d 119, 120 (App. Div. 2014) (finding that it was "clear from the allegations . . . that the defendants did not execute a notarized written agreement to assume the mortgage allegedly held by the plaintiff at the time the properties were conveyed"); *cf. Phelps Corp. v. Jones*, 969 N.Y.S.2d 206, 207 (App. Div. 2013) (finding that the

10

grantee assumed the mortgage where the agreement contained an "assumption clause" that "satisfie[d] the requirements of General Obligations Law § 5–705).

The third sentence provides that Tweed will "also" hold the Watsons harmless for "all liens, taxes and municipal violations." (Contract 2.) The Watsons want to read the third sentence for the proposition that Tweed is to hold the Watsons harmless for the three mortgages, which the Watsons contend are included in "all liens, taxes and municipal violations." (Pamela Opp. 7–8.) As discussed above, the provision as a whole gives Tweed a choice: It could discharge the mortgages or the take the Property encumbered by three mortgages for which the Watsons are still liable—Tweed's taking subject to the mortgages means that it would not be liable to discharge the mortgages. The Watsons' interpretation would provide that, no matter what Tweed chooses, it must indemnify the Watsons for any mortgage deficiency, thereby rendering the "subject to" language meaningless. Under New York law, "[a]ny interpretation of a contract that 'has the effect of rendering at least one clause superfluous or meaningless . . . is not preferred and will be avoided if possible." *Berkley Assurance Co. v. MacDonald-Miller Facility Sols.*, 662 F. Supp. 3d 466, 476 (S.D.N.Y. 2023) (quoting *Olin Corp. v. Am. Home Assur. Co.*, 704 F.3d 89, 99 (2d Cir. 2012)), *appeal withdrawn sub nom. Berkley Assurance Co. v. Liberty Ins. Corp.*, No. 23-645, 2023 WL 7117466 (2d Cir. Sept. 7, 2023). Accordingly, the Watsons' construction should be avoided. *Cf. HKB Hosp. LLC v. Mt. Hawley Ins. Co.*, No. 23-CV-372, 2024 WL 4349508, at *4 (S.D.N.Y. Sept. 30, 2024) (interpreting contractual provisions to avoid rendering one superfluous); *Berkley Assurance*, 662 F. Supp. 3d at 476 (rejecting a party's interpretation where it rendered part of a contract meaningless).

The Court finds that there is no provision of the Contract that could be read as Tweed indemnifying the Watsons for the mortgages at issue here. As "there is no express contractual

11

right to indemnification between the parties[,]" any right to indemnification "must be implied." *Komatsu Equip. Co. v. Ravyn & Robyn Constr., LLC*, No. 17-CV-2010, 2018 WL 5456671, at *3 (E.D.N.Y. July 27, 2018), *report and recommendation adopted*, 2018 WL 4853052 (E.D.N.Y. Sept. 28, 2018), *aff'd sub nom. Indus. Water Sols., LLC v. Ravyn & Robyn Constr., LLC*, 789 F. App'x 920 (2d Cir. 2020). "Under New York law, 'an implied right to indemnification may be based on the special nature of a contractual relationship between parties.'" *First Am. Title Ins. Co. v. Ram Abstract, Ltd.*, No. 23-CV-6462, 2024 WL 4250323, at *5 (E.D.N.Y. Aug. 19, 2024) (quoting *Peoples' Democratic Republic of Yemen v. Goodpasture, Inc.*, 782 F.2d 346, 351 (2d Cir. 1986)), *report and recommendation adopted*, Dkt. 23-CV-6462, minute entry dated September 19, 2024 (E.D.N.Y. Sept. 19, 2024). "The burden of establishing an implied agreement to indemnify is a heavy one . . . ." *Id.* (quoting *City of New York v. Black & Veatch*, No. 95-CV-1299, 1997 WL 624985, at *10 (S.D.N.Y. Oct. 6, 1997)); *Fair Hous. Just. Ctr., Inc. v. 203 Jay St. Assocs., LLC*, No. 21-CV-1192, 2024 WL 4120376, at *5 (E.D.N.Y. June 14, 2024) (same), *report and recommendation adopted*, 2024 WL 3934518 (E.D.N.Y. Aug. 26, 2024). The Watsons make no allegations of a special relationship between themselves and Tweed. (*See generally* Third-Party Compl.; Pamela Opp.; James Opp.) Accordingly, the indemnification claim is dismissed. *See First. Am. Title Ins.*, 2024 WL 4250323, at *5 (dismissing indemnification claim where there plaintiff did "not establish[] [defendant's] liability for contractual indemnification" and did "not allege that the contractual relationship between [plaintiff] and [defendant] was of a special nature that would warrant a finding of an implied right to indemnification."); *Adrien Logistics LLC v. Certain Underwriters at Lloyd's London*, 658 F. Supp. 3d 160, 170 (S.D.N.Y. 2023) (finding no implied right to indemnification where the parties' relationship "[did] not fall into any of the four categories where courts have found

implied rights to exists; [the parties] share neither a principal-agent, employer-employee, lessor-lessee, nor bailor-bailee relationship" (citing *Trs. of Princeton Univ. v. Tod Williams Billie Tsien Architects, LLP*, No. 19-CV-21248, 2021 WL 9667971, at *6 (D.N.J. Jan. 29, 2021))).

### 3. Unjust Enrichment

"The basic elements of an unjust enrichment claim in New York require proof that (1) defendant was enriched, (2) at plaintiff's expense, and (3) equity and good conscience militate against permitting defendant to retain what plaintiff is seeking to recover." *Hudson Neurosurgery, PLLC v. UMR, Inc.*, No. 20-CV-9642, 2022 WL 902107, at *5 (S.D.N.Y. Mar. 28, 2022) (quoting *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 306 (2d Cir. 2004)). Unjust enrichment "lies as a quasi-contract claim" that "contemplates 'an obligation imposed by equity to prevent injustice, in the absence of an actual agreement between the parties.'" *Georgia Malone & Co. v. Rieder*, 973 N.E.2d 743, 746 (N.Y. 2012) (citation omitted). The claim is available "only in unusual situations when, though the defendant has not breached a contract nor committed a recognized tort, circumstances create an equitable obligation running from the defendant to the plaintiff." *Corsello v. Verizon N.Y., Inc.*, 967 N.E.2d 1177, 1185 (N.Y. 2012). Notably, "[u]nder New York law, a plaintiff may not recover under quasi-contract claims such as unjust enrichment where an enforceable contract governs the same subject matter." *Goldberg v. Pace Univ.*, 535 F. Supp. 3d 180, 198 (S.D.N.Y. 2021); *see also Stanley v. Direct Energy Servs., LLC*, 466 F. Supp. 3d 415, 430–31 (S.D.N.Y. 2020) (gathering authorities for the proposition that "where the validity of a contract that governs the subject matter at issue is not in dispute, and the claimant alleges breach of the contract, the claimant cannot plead unjust enrichment in the alternative under New York law").

13

Here, the Watsons claim that they may pursue their unjust enrichment claim in the alternative to a breach of contract claim. (*See* Pamela Opp. 10.) However, a party "may not pursue [a claim of unjust enrichment] while simultaneously claiming breach of contract," unless the party also disputes the validity of a contract that governs the subject matter at issue. *Richard & Anne Rubin Fam. Tr. v. Attention to Detail Constr. Corp.*, No. 23-CV-9390, 2025 WL 964108, at *4 (E.D.N.Y. Mar. 31, 2025); *see Johnson v. Clearview AI, Inc.*, No. 23-CV-2441, 2024 WL 2274267, at *10 (S.D.N.Y. May 20, 2024) ("New York courts have consistently held that a 'claimant cannot plead unjust enrichment in the alternative' where 'the validity of a contract that governs the subject matter at issue is not in dispute, and the claimant alleges breach of the contract.'" (quoting *Stanley*, 466 F. Supp. 3d at 430–31)). The Watsons do not allege that the Contract is invalid or otherwise infirm. (*See generally* Third-Party Compl.; Pamela Opp.; James Opp.) Accordingly, the claim for unjust enrichment must be dismissed. *See Johnson*, 2024 WL 2274267, at *11 (dismissing unjust enrichment claim that was pled in the alternative because there was no dispute as to the validity of the contract that governed the subject of the claim); *Stanley*, 466 F. Supp. 3d at 431 (dismissing an unjust enrichment claim because there was no "bona fide dispute concerning [the] existence of a contract," meaning that the "claim for unjust enrichment collapse[d] into the contract dispute").

### III.  Conclusion

For the reasons set forth above, the Motion is granted and the Third-Party Complaint is dismissed. Because this is the first adjudication of the claims on the merits, the Watsons' claims are dismissed without prejudice. If the Watsons wish to file an amended third-party complaint alleging additional facts and otherwise addressing the deficiencies the Court has identified, they must do so within thirty days of the date of this Order. The amended third-party complaint will

14

replace, not supplement, the previous pleading. The failure to timely file an amended third-party complaint may result in the dismissal of the Third-Party Action with prejudice. The Clerk of the Court is respectfully directed to terminate the pending Motion at Dkt. No. 66.

SO ORDERED.

Dated: September 25, 2025
       White Plains, New York

_____
KENNETH M. KARAS
United States District Judge