UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

WEBSTER BANK, N.A.,

        *Plaintiff*,

v.

JAMES D. WATSON, *and* PAMELA L. WATSON,

        *Defendants*.

---

JAMES D. WATSON, *and* PAMELA L. WATSON,

        *Third-Party Plaintiffs*,

v.

TWEED VP HOLDINGS LLC,

        *Third-Party Defendant*.

No. 23-CV-5427 (KMK)

ORDER OF DISMISSAL

KENNETH M. KARAS, United States District Judge:

    Defendants James and Pamela Watson ("Defendants") previously brought a Third-Party Complaint against Tweed VP Holdings, LLC ("Tweed"). (Dkt. 66.) On September 25, 2025, the Court granted Tweed's Motion to Dismiss Defendants' Third-Party Complaint but granted Defendants thirty days to file an amended third-party complaint. (Dkt. 73.) To date, Defendants have not filed an amended third-party complaint or otherwise communicated with the Court.

    This Court has the authority to dismiss a case for failure to prosecute. *See* Fed. R. Civ. P. 41(b). Rule 41(b) of the Federal Rules of Civil Procedure provides that a case may be involuntarily dismissed if a plaintiff "fails to prosecute or to comply with these rules or a court order." *See id.* Although Rule 41(b) expressly addresses a situation in which a defendant moves

to dismiss for failure to prosecute, it has long been recognized that a district court has the inherent authority to dismiss for failure to prosecute sua sponte. *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)).

While dismissal under Rule 41(b) is subject to the sound discretion of the district courts, *see U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250–51 (2d Cir. 2004), the Second Circuit has stated that a Rule 41(b) dismissal is a "harsh remedy to be utilized only in extreme situations," *see LeSane*, 239 F.3d at 209 (quotation mark omitted) (quoting *Theilmann v. Rutland Hosp., Inc.*, 455 F.2d 853, 855 (2d Cir. 1972)). Before exercising its discretionary authority to dismiss for failure to prosecute, a district court should consider the following factors:

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . . and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.

*Wood v. City of N.Y.*, No. 05-CV-2894, 2007 WL 2049686, at *1 (S.D.N.Y. July 13, 2007) (alterations in original) (quotation marks omitted) (quoting *LeSane*, 239 F.3d at 209); *see also Hibbert v. Apfel*, No. 99-CV-4246, 2000 WL 977683, at *2 (S.D.N.Y. July 17, 2000) (same). No single factor is dispositive. *See Nita v. Conn. Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994).

The Court concludes that these factors weigh in favor of dismissal of Defendants' Third-Party Complaint with prejudice. In the Court's Order & Opinion granting Tweed's Motion to Dismiss, Defendants were instructed that failure to file an amended complaint could result in their claims being dismissed with prejudice. (*See* Dkt. No. 73 at 14–15.) Despite this warning, Defendants failed to comply with this Order. Accordingly, Defendants' Third-Party Action is

dismissed with prejudice for failure to prosecute. *See Lopez v. Catholic Charities of the Archdiocese of N.Y.*, No. 00-CV-1247, 2001 WL 50896, at *4 (S.D.N.Y. Jan. 22, 2001) (dismissing for failure to prosecute where plaintiff "ceased to prosecute [the] action at all" for three months).

SO ORDERED.

Dated: November 17, 2025
      White Plains, New York

_____
KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE